## 22860

Steven STEELE, Respondent v. SEIBELS, BRUCE AND COMPANY, (The South Carolina Insurance Company), Appellant.

(367 S. E. (2d) 695)

Supreme Court

*D. Cravens Ravenel,* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant.*

*Harry C. Wilson, Jr,* of *Lee, Wilson, Erter & Calloway,* Sumter, *for respondent.*

Heard Feb. 16, 1988.

Decided April 11, 1988.

NESS, Chief Justice:

The issue is whether the trial court properly ordered appellant (Insurer) to pay respondent (Owner) benefits pursuant to a cancelled insurance policy. We reverse.

Owner bought an automobile insurance policy for his 1974 Cadillac from Insurer through an insurance agency. He financed his premium payments through IFCO, Inc., of South Carolina (IFCO), a qualified premium finance company. Owner's contract with IFCO required him to make monthly payments to IFCO and provided that if he failed to make these payments, IFCO could cancel Owner's policy with Insurer pursuant to a power of attorney given to IFCO by Owner in their contract.

Owner subsequently purchased a Ford Ranger. He paid Insurer the entire additional premium directly. When Owner failed to make his June 1 payment to IFCO, it notified him that it would cancel the policy unless payment was made. When Owner failed to make payment, IFCO cancelled the policy pursuant to its power of attorney. It is uncontested that IFCO followed the proper statutory procedures for cancellation. The Ford Ranger was subsequently involved in an accident and Owner brought this suit when Insurer refused to pay benefits.

The trial court reasoned that since IFCO only financed the Cadillac premiums, its power to cancel the policy only extended to that vehicle and therefore cancellation was ineffective as to the Ford Ranger. Since under this theory only the Cadillac's coverage was cancelled, the court orderd Insurer to pay benefits on the Ranger.

This reasoning ignores the fact that Insurer terminated the policy at the request of IFCO who held a power of attorney authorizing cancellation. There is no contention or evidence that Insurer was unreasonable in relying on this power or that there was any act or event which would cause Insurer to question IFCO's ability to exercise the power. *See J. B. Colt Co. v. Britt*, 129 S. C. 226, 123 S. E. 845 (1924); 2A C.J.S. *Agency* §§ 167 through 169 (1972). Owner's theory appears to be that IFCO exceeded its authority in cancelling the entire policy. We express no opinion on the validity of this issue which is not before us. There is no basis in this record for holding insurer liable to Owner. Accordingly, the appealed order is

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.